# United States District Court
# Northern District of Indiana

| | |
|---|---|
| CROP PRODUCTION SERVICES INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHAD RUDICEL, LYNSEY RUDICEL, | ) |
| and RUDICEL INVESTMENTS INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | )  Civil Action No. 3:14-CV-1751 JVB |
| | ) |
| RUDICEL INVESTMENTS INC., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SUNRISE FARMS LLC, DE JONG | ) |
| FAMILY FARMS LLC, and | ) |
| PROVIDENCE DAIRY LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Crop Production Services Inc. (CPS) has filed a motion for summary judgment against Defendants Chad Rudicel and Rudicel Investments Inc. together with a memorandum, supporting documents, and an affidavit (DE 81). Neither Defendant has responded in any way to the motion. Both are represented by counsel.

**A.      Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a). If a party fails to address another party's assertions of fact as required by Rule 56(c), the court may consider the facts undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e).

**B.     Facts**

The following uncontroverted facts are derived from the materials CPS submitted in support of its motion for summary judgment. CPS is in the business of providing agricultural inputs such as seed, fertilizer, and herbicides to its customers. Chad Rudicel is the president and 50% shareholder of Rudicel Investments Inc. On September 5, 2012, Chad filled out a CPS customer profile that included a commercial credit agreement, which he signed on behalf of Rudicel Investments Inc. and as guarantor. The agreement provides for interest on any invoice not paid by the due date at the rate of 1.75% per month (21% per year) and attorney's fees incurred by CPS in enforcing the agreement.

Rudicel Investments Inc. received monthly statements from CPS that summarized the transactions for the previous month and stated the outstanding balance. CPS sent a statement dated June 30, 2014, showing a balance due of $556,520.41, with payment due by July 20, 2014. Following receipt of the June 30 invoice no one disputed any of the charges on it until the inception of this lawsuit. Rudicel Investments Inc. now owes CPS $471.827.25 for various products together with finance charges on the unpaid balance at the rate of 21% per annum. Rudicel Investments and Chad Rudicel are in default under the credit agreement.

**C.     Discussion**

There are no genuine issues of material fact for trial with respect to CPS's claims against Rudicel Investments Inc. and Chad Rudicel. The undisputed facts set forth above establish that Rudicel Investments Inc. and Chad Rudicel are liable to CPS on theories of breach of contract, open account, and account stated in the amount of $471,827.25 plus prejudgment interest at the rate of 21% per year from July 20, 2014, through the date of this order in the amount of $178,349.22 ($271.46[1] per day for 657 days), for a total judgment of $650,176.47.

**D.     Conclusion**

The Court **GRANTS** summary judgment in favor of Plaintiff Crop Production Services Inc. against Rudicel Investments Inc. and Chad Rudicel, in the amount of $650,176.47, together with postjudgment interest at the applicable federal rate.

SO ORDERED on May 6, 2016.

> s/ Joseph S. Van Bokkelen
> Joseph S. Van Bokkelen
> United States District Judge
> Hammond Division

---

[1] 471,825.25 x .21 = 99,083.72 / 365 = 271.46.